W. G. GAY, T. B. KING AND R. E. WHIDDEN, *Appellants,* v. FRED WHIDDEN AND OTHERS, *Appellees.*

1. A guardian may be charged with interest upon annual balances not shown to be needed for the estate, when he either uses the money himself or lends it out without accounting.

2. Sureties upon a guardian's bond, conditioned to faithfully preserve the estate, accounting for its profits and disbursements, may be liable for interests upon large annual balances, which the guardian has used in private speculation or has loaned to others without accounting for the interest on such loans.

3. To enable an appellee to complain of a decree, he must file cross-assignments of error.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell,* for Appellants;

*John W. Burton* and *H. S. Phillips,* for Appellees.

COCKRELL, J.—This is an appeal from a decree discharging W. G. Gay from the guardianship of Fred Whidden and others, the appellees, heirs of Daniel Whidden and wife, and rendering a money judgment against the said Gay as principal, and against T. B. King and R. E. Whidden, sureties upon his bond.

The evidence is ample to prove that the guardian should be charged with failure to invest monies in his hands, which he used in large part for his own personal account.

The sole excuse for not investing the rather large balance which should have been on hand, as disclosed by the annual statements filed with the County Judge is upon the theory here advanced that a guardian can wait until some borrower with the proper security applies to him, even though slight inquiry on his part would readily find safe investment at a good profit. If the

burden of a guardian might ever be treated so lightly, it should not be so treated, when the guardian gains personal advantage by failing to make any inquiry; and if he lends the money to himself, or to others without accounting to the court, he can not complain that he is charged for the use of the money, the lowest rate of interest then prevailing.

There can be no doubt upon this record that the guardian did not keep this money idle awaiting the probable needs of the trust or profitable investment. He kept but one bank account, used indiscriminately by him for his personal or guardianship purposes, and this account shows that he did not have on deposit the balance claimed to be on hand, but to the contrary there was either an actual overdraft or a very small balance.

As to the guardian the only possible doubt is lest the amount decreed was too small.

The sureties assert that the bond did not cover interest upon monies that should have been invested. It is not certain that the pleadings raise this issue; and the doubt increases when we read the stipulation before the master that the only issues should be the accounting and the amount of compensation; the guardian consenting to be removed.

The bond is not a model to be followed, its condition reading "if the said W. G. Gay, above bounden, shall, as Guardian of said Minor, faithfully preserve the estate of said minor, and shall annually, on or before the first day of June, and at all times when thereunto required, during the continuance of said guardianship, render to and file in said court an inventory of said Minor estate, its profits and disbursements, and all the rest and residue of the goods, chattels and credits which shall be found re-

maining upon the said Guardian's account, the same being first examined and allowed by said court; shall deliver and pay to such person or persons respectively as the said court, by its order and decree, shall appoint and direct; then this obligation to be void and of no effect—otherwise to remain in full force and virtue."

It would be safer to have the bond provide for the faithful performance of his duties as guardian, and to pay over such monies or other property as the law might direct, but it cannot be said that a guardian faithfully preserves the estate and accounts for its profits, when he either fails to account for interests actually received, or uses the monies which might be profitably invested for his own private use.

It being shown by the complainants that upon the dates of the annual statements filed with the County Judge, the guardian did not have the monies be claimed to have, nor even a small portion thereof, an explanation of the great discrepancy was due the wards and none was forthcoming.   Appellants admitting upon their brief here liability for the interest, in case it had been collected and squandered or the money in fact used by the guardian, we find ample evidence that the conditions mentioned have been shown to exist.

The appellees in their brief ask for a reversal upon the ground that they were entitled to more than was allowed by the decree; in so doing they have overlooked Rule 4, governing appeals in chancery—see 51 Fla. App. p. 32—which declares "If the appellee fails to file and serve cross assignments of error as herein provided, the parties will be confined on the hearing to the consideration of the assignments of error filed by the appellant."   The cases cited from this court, to the effect that an appeal

opens up the whole case for either party, were all decided before the adoption of this rule.

Decree affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.