ROBERT WELBORN, *et al., Appellants,* v. W. B. SAWYER *Appellee.*

Opinion Filed November 17, 1914.

1. An irregular "joinder of issue" on an answer in equity may be harmless.

2. A failure to enter a decree *pro confesso* against one defend-

ant may not affect the rights of another defendant so as to require a reversal of a decree.

3. Where testimony is taken before a general master and the proceedings before the master are not brought to the appel- · late court, asserted irregularities in such proceedings cannot be considered.

Appeal from Circuit Court for Dade County; J. Emmet Wolfe, Judge.

Decree affirmed.

*Rand & Kurtz,* for Appellants;

*Atkinson, Gramling & Burdine,* for Appellee.

WHITFIELD, J.—Sawyer filed a bill in equity against Robert Welborn, the City of Miami and the National Mercantile Realty and Improvement Company, a Florida Corporation, alleging, in effect, that on December 9th, 1909, the National Mercantile Realty and Improvement Company was the owner in fee and in possession of Lot Two in Block Fifty-five, north of the City of Miami, Florida; that on said date the National Mercantile Realty and Improvement Company entered into a contract with Sawyer for the sale of the lot and a part of another lot for $3,500.00 on which Sawyer then paid $1,000.00, and on the same date he went into possession and has had actual possession ever since, and is now in possession of the property; that the full purchase price was paid and on June 29th, 1912, the National Mercantile Realty and Improvement Company, by warranty deed, conveyed the property to Sawyer; that on March 10th, 1910, a decree was rendered in the Circuit Court for Dade County for the sale of Lot Two, Block Fifty-five north, City of Miami,

for non-payment of city taxes for 1906, and a master's deed was executed to the City of Miami on June 28th, 1910, and recorded October 19th, 1911; that on August 29th, 1912, the City of Miami executed to Robert Welborn a quit-claim deed, quit-claiming said Lot Two, which deed was recorded; that the city obtained its title through fore-closure proceedings based on the tax lien; that for stated reasons, including a failure to give the owner proper notice, the decree of sale was improper and is a cloud upon complainant's title. The prayer is that the quit-claim deed from the city to Welborn be cancelled and for general relief.

Appearance was entered by the defendants. Welborn, by answer, merely "desires strict proof of all of complainant's allegations as in his said bill alleged." On August 4th, 1913, a replication was filed to this "answer." The city, by answer, disclaimed any interest in the lot and denies liability of any kind to the complainant. On this disclaimer the complainant merely "joins issue," on August 26th, 1913. Notice was given by a general master in chancery that the taking of testimony would begin on August 25th, 1913. Service of this notice was accepted on August 21st, 1913, by counsel for the complainant "for defendants," and for "City of Miami." On November 3rd, 1913, "a notice of final hearing was filed." On December 6th, 1913, the Circuit Judge, sitting at Miami, rendered a final decree adjudging "that the quit-claim deed from the City of Miami to Robert Welborn" be cancelled of record; and "that the complainant herein pay into the court at or before the time of the cancellation of the above described deed, the amount due on the lien of the City of Miami against the property described in the said bill of complaint filed herein, together with statutory interest and penalties on said sum to date."

Welborn appealed in the name of all the defendants. It is contended here that the court below erred in rendering final decre before the issues were closed, and on testimony taken before the issues were closed by a master without an order of reference; and that the decree is broader than the record warrants.

Even if the complainant's "joinder of issue" on the defendant city's answer or disclaimer is irregular, the defendant Welborn is not injured thereby. Though no decree *pro confesso* appears to have been entered against the defendant, the National Mercantile Realty and Improvement Company, which appeared, but apparently did not answer, the defendant Welborn cannot complain of it here for the first time, if at all. See Neubert v. Massman, 37 Fla. 91, 19 South. Rep. 625.

The replication to the answer of the defendant Welborn was filed on August 4th, 1913, and the final decree was rendered December 6th, 1913, which was more than the three months allowed by Circuit Court Rule 71 "for the taking of testimony after the cause is at issue." It does not appear that the time for taking testimony was enlarged by the court. The notice to take testimony was given by a general master in chancery, and it does not appear that he was not duly authorized to take the testimony. The proceedings in the cause taken before the general master in chancery are not brought here by the appellant so as to show error, if any exists therein. Certainly on the record brought here by the appellant, he cannot complain here for the first time of the asserted irregularities as to the taking of testimony in the cause.

The quit-claim deed from the city to Welborn covers other lands than the Lot Two in controversy. This error might have been avoided had the attention of the court

been called to the land descriptions contained in the deed ordered to be cancelled.

It is ordered that the decree appealed from be modified so as to confine the cancellation of the quit-claim deed mentioned in the decree to the land in controversy here, and as so modified the decree will stand affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.