MARY B. VANCE, *Appellant*, v. JACKSONVILLE REALTY AND MORTGAGE COMPANY, A CORPORATION, *Appellee*.

Opinion Filed January 21, 1915.

1. Although a contract made by a married woman may not be specifically enforced against her by reason of the fact that such contract was not executed or acknowledged by her in accordance with the statutory requirements, such fact does not make the contract void, but upon a sufficient showing in proper proceedings instituted for that purpose the money paid to such married woman upon such contract may be required to be returned or decreed to be a lien upon her property.

2. A demurrer to the whole bill should be overruled, if the bill makes any case for equitable relief.

3—Vol. 69.

Appeal from Circuit Court for Duval County; D. A. Simmons, Judge.

Decree affirmed.

## STATEMENT.

On the 12th day of March, 1913, Jacksonville Development Company, a Corporation, as Complainant, filed its bill in chancery against Mary B. Vance and her husband, S. C. Vance, and Mrs. H. C. Merritt, as defendants, which bill, omiting the caption, is as follows:

"Your orator, Jacksonville Development Company, a corporation organized and existing under the laws of the State of Florida, Complainant, brings this its Bill of Complaint against Mary B. Vance and her husband, S. C. Vance, of Duval County, Florida, and Mrs. H. C. Merritt, of Duval County, Florida, Defendants, and thereupon, your orator complains and says:

1. That the Defendant, Mary B. Vance, was, on the 30th day of April, 1912, and still is, a married woman, the wife of the Defendant, S. C. Vance; that on said date and at all times since then, the said Defendant, Mary B. Vance, was the owner, as her separate property and estate, of the following described real estate, to-wit, Lots 2, 3 and 8 in Block 10, Riverside, a suburb of the City of Jacksonville, Duval County, Florida; that on said date, the said Mary B. Vance and her husband, S. C. Vance, executed unto your orator a written agreement for the purchase of said real estate, copy of said agreement being hereto attached, marked 'Exhibit A', and made a part hereof; that upon the execution of said agreement (Exhibit 'A') your orator paid to the said

VOL. 69, JANUARY TERM, 1915.    35

Vance v. Jacksonville R. & Mort. Co.—Statement of Case.

Mary B. Vance the sum of $500.00 on account of the purchase price of said property, as provided in and by said agreement Exhibit 'A'; that, by the payment to, and receipt by the said Mary B. Vance, of the said $500.00 as aforesaid, the separate property and estate of the said Mary B. Vance was thereby benefitted and enhanced and augmented to the extent of the said $500.00.

2. And your orator would further show that, thereafter, the said Mary B. Vance declined to carry out said agreement Exhibit A., although your orator was ready, willing and at divers times offered to perform all things on its part to be done and performed under said agreement; that the said Mary B. Vance declined to execute unto your orator a deed for said property, in accordance with said agreement Exhibit A., and also retained the said $500.00 and refused to pay the same back to your orator; that your orator filed a bill for specific performance in the Circuit Court of Duval County, Florida, against the said Mary B. Vance and husband, seeking the specific performance of said agreement, and seeking to compel said Mary B. Vance and husband to execute to your orator a deed to said property in accordance with terms of said agreement Exhibit A.; that said defendant, Mary B. Vance through her attorney, filed a demurrer to said bill of complaint and insisted thereby that the relief sought by said bill could not be obtained because said bill and copy of said agreement Exhibit A. did not show that execution of said agreement was acknowledged by the said Mary B. Vance with separate examination; that, on account of there having been no separate examination of the said Mary B. Vance as to the execution of said agreement Exhibit A., your orator was unable to enforce specific performance of the same.

3. And your orator would further show that the defendant Mrs. H. C. Merritt is a widow and holds two mortgages upon the property described as aforesaid—one mortgage for the sum of $10,000.00 dated August 28th, 1911,, recorded in Mortgage Book 42, page 398, Records of Duval County; also a mortgage in the sum of $2500.00 dated February 28th, 1912, recorded in Mortgage Book 57, page 95, Public Records Duval County, Florida; that the liens created by said mortgages and held by the defendant Mrs. H. C. Merritt, are superior in dignity to the claim of your orator against the said separate estate of the defendant, Mary B. Vance.

Forasmuch, therefore, as your orator is without remedy save in a court of Equity, where such things are remedied, your orator prays that said defendants may be required to answer this Bill of Complaint, but not under oath, answer under oath being hereby waived as particularly as if interrogated thereto, and your orator further prays that an account be taken under the direction of this court, to answer the amount due from the defendants Mary B. Vance and husband, to your orator, and that the said Mary B. Vance be directed to pay such amount within a day short, and in default thereof that the said property, to-wit, Lots 2, 3 and 8 in Block 10, Riverside, a part of the City of Jacksonville, Duval County, Florida, may be sold under the order and direction of this court, subject to the mortgages hereinbefore described, to satisfy such sum as may be found to be due to your orator upon the taking of an account aforesaid.

And that your Honor will grant unto your orator such other and further general relief as equity may require and to your Honor may seem meet.

And may your Honor grant unto your orator the State's most gracious writ of subpoena directed to the defendants, Mary B. Vance, and S. C. Vance, her husband, of Duval County, Florida, and Mrs. H. C. Merritt, of Duval County, Florida, returnable according to law and the course of this Honorable Court and your orator will ever pray."

Exhibit A, referred to in the bill, attached hereto and made a part thereof, is as follows:

"Jacksonville, Florida,<br>April 30th, 1912.

COPY.

Received of the Jacksonville Development Company, $500 part payment on Lots 2, 3 and 8, in Block 10, Riverside. Total purchase price to be $25,000 and the purchaser to move the present house of the seller, now located on Lot 2 to Lot 7 in the same Block. Balance of purchase price to be paid in cash as soon as the title papers been passed on and approved by the buyer's attorney, except the existing mortgage of $12,500 and accrued interest to date, which mortgage the purchaser agrees to assume and pay. Taxes for 1912 to be paid by purchaser. The seller to settle all other encumbrances and liens with the exception of the Riverside Avenue paving bill.

Mary B. Vance,<br>S. C. Vance.

Subscribed and sworn to before me this 30th day of April, 1912.

Richard W. Lyman,<br>Notary Public, State of Florida, at Large. My commission expires Aug. 29th, 1914."

To this bill Mary B. Vance and her husband, S. C. Vance, interposed the following demurrer:

"These defendants jointly and severally demur to the said bill of complaint and for causes of demurrer show:

1. That the complainant has not in and by its bill made or stated such a cause as entitled it in a Court of Equity to any discovery or relief from or against these defendants or either of them, touching the matters contained in said bill or any such matters.

2. The bill of complaint does not show that the Five Hundred Dollars ($500.00), the subject matter of said bill, inured to the benefit of the separate estate of Mrs. Mary B. Vance, or in any way gave her separate estate any benefit or advantage.

3. The allegations of the bill do not show in what way the separate estate of Mrs. Mary B. Vance was 'benefitted, enhanced and augmented.'

4. The contract being unenforceable for specific performance is unenforceable for all purposes.

5. The bill of complaint does not present such an obligation of a married woman as *as* the Constitution authorizes a Court of Equity to deal with and enforce.

Wherefore these defendants demur to the said bill and all the matters and things therein contained, and pray the judgment of this Honorable Court whether they or either of them shall be compelled to make any further or other answer thereto, and pray to be dismissed with their reasonable costs in behalf sustained."

This demurrer was overruled and subsequently such two defendants filed the following answer:

"These defendants reserving to themselves all right of exception to the said Bill of Complaint, for answer thereunto say:

1. That they admit the first paragraph of the bill of complaint to be true as therein stated, except wherein it is alleged that by the payment of and receipt by the said Mary B. Vance of said Five Hundred Dollars the separate property and estate of Mary B. Vance was thereby benefitted, enhanced and augmented to the extent of the said Five Hundred Dollars, and specifically deny that the payment of said money in any way benefitted or enhanced or augmented the separate estate of the said Mary B. Vance.

2. As to the second paragraph of said bill of complaint the defendants deny that Mary B. Vance declined to carry out said aggreement exhibit 'A' to the bill of complaint, and to execute a deed to said property in accordance with said agreement exhibit 'A' and deny that the complainant was ready and willing and at divers times offered to perform all things on its part to be performed under said agreement; but admits that Mary B. Vance retained the Five Hundred Dollars and refused to pay the same back, and avers that the facts in regard thereto are as hereinafter set forth; and admits that a bill for specific performance was filed by the complainant against the defendants and that a demurrer was interposed to said bill of complaint, as alleged in said second paragraph of the bill of complaint.

3. As to the third paragraph of complaintant's bill of complaint, these defendants admit same to be true as therein stated.

And for a further answer upon the part of the defendants thereto these defendants say that Mary B. Vance

never at any time refused or declined to carry out said contract as set forth in said exhibit 'A,' attached to the bill of complaint. And avers that as a part of said contract it was provided that the Jacksonville Development Company was to move the house of these defendants located on Lot Two (2) to Lot Seven (7) in the same block, and the balance of the price, other than the Five Hundred Dollars in cash, was to be paid as soon as the papers had been passed upon and approved by the attorney for the complainant, and that although a reasonable time has elapsed for the complainant to have the papers passed upon by the attorneys, and to remove the house provided in said contract, the complainant wholly failed to perform its part of the contract to be kept and performed, in that complainant never at any time made any effort to or take any step towards the looking to the removal of the house of these defendants from lot two to lot seven in the same block, or to make any removal thereof at all, and never at any time prepared or took any steps towards preparing or making any foundation on defendant's lot seven for the removal of the house of these defendants from lot two; and these defendants did not offer any objection to or do anything of any kind or character whatsoever to prevent said complainants from removing said house as was provided for complainant to do and which was a condition precedent to be performed by the complainant before a deed could be demanded of these defendants or before the defendants were obliged or called upon under the contract to execute a deed; and these defendants further aver that complainant never at any time tendered to these defendants the $12,500 provided to be paid by the complainant to these defendants before defendants were to be called upon to execute a deed, nor did anyone in

behalf of the complainant offer to pay by tendering said money or any part thereof, and that the payment thereof or a tender of said $12,500 was a condition precedent to be performed by the complainant before the complainant would be entitled to demand a deed or the repayment of the said $500 by the defendant.

And these defendants further answering say that they have never been called upon by the complainant with the money in hand or without the money in hand, or with check in hand to pay the balance of the purchase money, $12,500, and a deed demanded.

And these defendants further answering say that the complainant never having placed itself in a position to demand or receive a deed by a performance of the contract made a basis of the bill of complaint herein, it has no equity to insist upon the repayment of the $500.00 so paid on acount of the purchase of said property and no right to require the repayment by the said Mary B. Vance of said $500.00 and is not entitled to a lien upon lots two, three and eight in Block seven for said money or any part thereof or to an order that same may be sold as prayed in the bill.

And these defendants further answering deny that complainant is entitled to the relief, or any part thereof, prayed in said bill of complaint demanded, and pray the same advantage of this answer as if they had pleaded or demurred to said bill of complaint, and pray to be dismissed with their reasonable costs in this behalf most wrongfully sustained."

A suggestion was filed as to the change of the corporate name of the complainant from Jacksonville Development Company to Jacksonville Realty and Mortgage Company, and also of the death of S. C. Vance, and an or-

der was made that the cause proceed in the name of Jacksonville Realty and Mortgage Company as complainant and against Mary B. Vance and Mrs. E'. C. Merritt as defendants.

A replication was filed to the answer of Mary B.. Vance and S. C. Vance, her husband, and a special examiner was appointed to take the testimony in the cause. The cause came on for a final hearing and the following decree was rendered:

"This cause came on this day for final hearing upon the pleadings and upon the evidence taken before the Special Examiner appointed in said cause, and the same having been duly submitted by counsel for said parties, and the Court being fully advised in the premises, the Court finds as follows:

1st. That the equities generally as set forth in the bill of complaint, are with the complainant.

2nd. That on March 12, 1913, when said bill of complaint was filed, the defendant Mary B. Vance was a married woman, and owned as her separate property lots 2, 3 and 8 in Block 10, Riverside, a suburb of the City of Jacksonville, Florida.

3rd. That on April 30, 1912, the said Mary B. Vance and her husband then living executed a contract for the sale of said property to the complainant, and on said date the said Mary B. Vance received from the complainant the sum of Five hundred dollars on account of the purchase price of said property.

4th. That afterwards, the said Mary B. Vance repudiated said agreement and refused to make conveyance of said property as therein provided, but that she

has retained the said sum of money, and that the same has been of benefit to her separate estate, and that the same is a proper charge on behalf of the complainant against the above described property.

5th.   That the amount due by the said Mary B. Vance to the complainant is the said sum of Five hundred dollars with eight per cent, interest thereon, since April 30, 1912, making a total to this date of $595.25.

It is, therefore, considered, ordered and decreed that the defendant Mary B. Vance, pay to the complainant within ten days from the date of this decree the said sum of Five hundred ninety five 25-100 dollars and also the costs of this suit, to be computed and taxed by the Clerk of this Court.

And it is further ordered, adjudged and decreed that in default of payment as aforesaid, then and in that case the said premises, to-wit, lots 2, 3 and 8 in Block 10, Riverside, a suburb of the City of Jacksonville, Duval County, Florida, be sold at public outcry for cash in hand paid to the highest bidder at the Court House door in Jacksonville, Duval County, Florida, during legal hours of sale.   That should it become necessary to make sale of such property as aforesaid, a Special Master in Chancery may upon application of the complainant, be appointed to make public sale thereof upon such terms as the court may direct.

And it is further ordered and decreed that in the event of failure on the part of said defendant to pay the sums of money hereinbefore set forth and upon sale of said premises as herein decreed, then the said defendant Mary B. Vance and all persons claiming through or under her since the commencement of this suit be and they

are hereby forever barred and foreclosed from all equity of redemption and claim of, in and to said charged premises or any part thereof.

Done and ordered at Chambers in Jacksonville, Florida, this the 19th day of September, 1914.

Daniel A. Simmons, Judge."

From this decree Mary B. Vance has entered her appeal.

*J. E.* and *Julian Hartridge,* for Appellant.

*Thos. B. Adams,* for Appellee.

Shackleford, J.—(after stating the facts.)—The first assignment which is mainly relied upon for a reversal of the decree, questions the correctness of the order overruling the demurrer interposed to the bill. It is strenuously contended that, as it plainly appears from the bill, the contract could not be specifically enforced against Mrs. Vance, by reason of her coverture, therefore the bill is without equity. In other words, as the appellant contends, "the contract being unenforceable for specific performance, is unenforceable for all purposes." We had occasion to touch upon this principle in Shields v. Ensign, decided here at the last term, wherein we held "that the statute does not make the written agreements of a married woman, otherwise executed, absolutely void and non-chargeable upon her estate, but merely that they shall not be specifically enforced, a much higher equity than the mere charging for a breach of contract." See our discussion in that opinion. We would also refer to the following cases as holding in effect that, although a contract made by a married woman may not be specifically enforced against her by reason of

the fact that such contract was not executed or acknowledge in accordance with the statutory requirements, such fact does not make the contract void, but upon a sufficient showing in proper proceedings instituted for that purpose the money paid to such married woman upon such contract may be required to be returned or decreed to be a lien upon her property. Pierson v. Lum, 25 N. J. Eq. 390; Moore v. Ligon, 22 W. Va. 292; Burns v. McGregor, 90 N. C. 222. As was well said in the last cited case, on page 225: "The wife may, under an engagement not legallly binding upon her, refuse to pay her debt, but if she does so, she cannot keep the property for which the debt was contracted. It would contravene the plainest principles of justice to allow a married woman to get possession of property under an engagement not binding upon her, and let her repudiate her contract and keep the property! She must observe and keep her engagement, or else return the property; if she will not, the creditor may pursue and recover it by proper action in her hands." This is in line with the intimation in Shields v. Ensign, *supra,* as also in Goss v. Furman, 21 Fla. 406. See also the discussion in Equitable Building & Loan Association v. King, 48 Fla. 252, 37 South. Rep. 181. We do not think that there is any merit in the contention of the appellant that the bill fails to show that the five hundred dollars paid by the appellee to Mrs. Vance as part of the purchase price for the land described inured to the benefit of her separate estate. The bill directly alleges the payment of such amount to Mrs. Vance for such purpose and the demurrer admits that such allegation is true. We are clear that the bill has equity in it, therefore the demurrer interposed thereto was properly overruled. See Boyd v. Gosser, decided here at the last term.

The other assignments are based upon the final decree and call for no extended discussion. We think that the proofs adduced by the complainant sustained the allegations of the bill and warranted the Circuit Judge in finding that the equities were with the complainant.

The decree will be affirmed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.