JESSIE E. THADEN and GEORGE H. THADEN, her husband, *Appellants*, v. W. H. SWARTZ and CLARA R. SWARTZ, *Appellees*.

Division B.

Opinion filed May 13, 1930.

*J. C. Davant,* for Appellants;

*Joseph S. Davis, Harris & Denning* and *Chas. J. Schuh,* for Appellees.

BUFORD, J.—In this case the appellees filed a bill of complaint in the circuit court against the appellants. The bill of complaint was based upon a purported executory

contract entered into between Jessie E. Thaden, a married woman, and W. H. Swartz and Clara R. Swartz for the purchase by Mrs. Thaden and the sale by Swartz and wife of a certain tract of real estate. Under this written agreement Mrs. Thaden and her husband went into possession of the real estate and have remained in possession thereof at all times since. Mrs. Thaden was not joined by her husband in the execution of the purported contract. Mrs. Thaden made certain payments on the property and then defaulted in the payments under the purported terms of the purported contract.

The prayer was that the court adjudge and declare the right of the respective parties, that an accounting be had between the parties and that a forfeiture be declared and adjudicated terminating the written contract and adjudicating the complainants to be entitled to retain money received under the contract as liquidated damages. An alternative prayer was that if forfeiture and termination of the contract referred to be not found equitable that then the complainants be declared to hold the title to the property involved as trustees for the defendant, Jessie T. Thaden and that they have a lien on the property to secure the payment of the balance of the purchase price under the terms of the contract and that Jessie E. Thaden be required to pay the balance of the purchase price and that foreclosure be had to enforce the same.

There was demurrer to the bill of complaint. Demurrer was overruled and defendants appealed.

While it is true that the bill of complaint may not allege the essential elements as clearly and concisely as might have been accomplished, the bill is not without equity and the demurrer was properly overruled.

The contract referred to in the bill of complaint was not for all purposes entirely void, although such a contract

made by a married woman may not be specifically enforced against her by reason of the fact that the contract was executed by her without being joined by her husband, yet upon a sufficient showing in proper proceedings instituted for that purpose the contract may be used as evidence upon which to base a decree in equity charging the separate estate of the married woman. See Vance v. Jacksonville Realty & Mortgage Co., 69 Fla. 33, 67 So. R. 636; Equitable Building & Loan Association, a corporation, etc., v. King, 48 Fla. 252, 37 So. R. 181.

When the married woman agreed to purchase certain real estate and the owners thereof agreed to sell to her that real estate and she paid a part of the purchase price and the owners delivered possession to her of the said real estate and agreed to convey the same upon the married woman making certain additional payments, the married woman thereby acquired equity in the lands sold and delivered to her, which equity in such lands became her separate property, and when she breached her contract, or failed to pay the balance of the purchase price, the vendors were entitled to a lien foreclosure in equity upon the separate property of the married woman in the equitable estate, vested in her by the transaction, for the payment of the balance of the purchase price of the land. An equitable estate in lands being the separate property of a married woman may be subjected to a lien for the unpaid balance of the purchase price by foreclosure. These principles are so well settled in this State as to require the citation of no authority in support thereof. Blood v. Hunt, 97 Fla. 551, 121 So. R. 886; Blood v. Huey, 97 Fla. 577, 121 So. R. 896; Barrett v. Howard, 97 Fla. 582, 121 So. R. 898.

For the reasons stated the order appealed from should be affirmed and it is so ordered.

Affirmed.

Whitfield, P. J., and Strum, J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.