VIRGINIA OATES and M. D. OATES, her husband, *Appellants,* vs. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation under the Laws of the State of New Jersey, *Appellee.*

144 So. 418.

Opinion filed November 14, 1932.

*Cecil B. Smith,* and *Peterson, Carver & Langston,* of Lakeland, for Appellants;

*McKillop & Hamilton,* of Winter Haven, for Appellee.

MATHEWS, Commissioner.—The amended bill of complaint alleges in substance that on and prior to February 2nd, 1925, Everhart and Barnes were the owners of Lot 39, in Block 4, Cassa Bella Subdivision, Lakeland, Florida; that on said date, by written contract for a deed, they sold said lot to A. Y. Oates, with a provision in the contract that title was to be delivered upon payment of $1400.00; that thereafter, on October 1st, 1926, A. Y. Oates sold his interest in and to said lot to Virginia Oates, and by a written assignment of that date assigned and set over to her all his interest in said lot, said written assignment containing a clause therein that Virginia Oates assumed and agreed to pay the balance of $1400.00 due on said lot, which was required to procure the title thereto; that on March 26th, 1926, Virginia Oates made a written application to the appellee for a loan of $6000.00, in which she stated that she desired the loan for the purpose of "acquiring a home"; that on April 5th, 1927,

appellee approved said application for a loan and forwarded its check or draft to Florida Southern Abstract & Title Company, its then disbursing agent, for $6000.00, and that said Title Company deposited said check or draft in the State Bank of Lakeland; that on April 15th, 1927, a Warranty Deed was delivered by Everhart and Barnes pursuant to the written contract for deed and the assignment thereof conveying the fee simple title to said lot to Virginia Oates; that on April 17th, 1927, a partial release of mortgage was executed by Nono Dunklin releasing said lot from the operation and effect of a certain mortgage held by her upon the recited consideration of $830.00, as agreed in the release clause in her mortgage; that on April 16th, 1927, Virginia Oates joined by her husband executed a note to the appellee evidencing the principal sum of $6000.00; that on April 16th, 1927, Virginia Oates joined by her husband M. D. Oates, for the purpose of better securing the payment of the principal sum evidenced by the said note, did make, execute, acknowledge and deliver their mortgage deed to the appellee encumbering the said lot; that on April 21st, 1927, the Title Company disbursed said loan by drawing its check on the State Bank of Lakeland and payable to the order of Virginia Oates for the sum of $4208.40, which check was endorsed by Virginia Oates and delivered to A. Y. Oates, and said sum was paid to A. Y. Oates as part of the purchase price of the lot; that on April 21st, 1927, the Title Company drew its check on the State Bank of Lakeland in the sum of $1407.10 payable to the order of Zerney Barnes and said sum was paid to Everhart and Barnes at the direction of the appellant as and for the purchase price of the lot in accordance with the contract for deed and the assignment thereof and the promise of Virginia Oates to pay said sum to acquire title and which was a part of the consideration for the

deed from Everhart and Barnes to Virginia Oates; that on April 21st, 1927, the Title Company as disbursing agent drew its check to Groover & Son for $336.37, which was in payment of the commissions on said loan and other incidental expenses; that on .April 21st, 1927, the Title Company drew a check to itself for $48.13 in payment of abstract costs and other incidental fees; that all of said checks, aggregating $6000.00, were duly presented and honored and represented the entire proceeds of the loan of $6000.00 made upon an agreement by her in writing and were used by Virginia Oates in the payment of the purchase price and for the benefit of said lot and the buildings and improvements thereon which became her separate statutory property. Default is alleged, and that by reason of such default appellee has elected, under the acceleration clause in the mortgage, to declare the whole sum immediately due and payable. The amended bill prays for the foreclosure of the mortgage, or if it be held invalid and unenforceable as a mortgage lien, then in the alternative, that the premises be charged in equity for the amount of said loan and interest under Section 2 of Article XI of the Constitution, as the separate statutory property of the defendant, Virginia Oats, a married woman, for the purchase price thereof or upon an agreement in writing for the benefit thereof.

Virginia Oates answered the amended bill and set up that the mortgage was invalid and unenforceable as a mortgage lien, for the reason that she did not appear before the Notary Public at the time the acknowledgment was taken. M. D. Oates appeared and filed answer to the original bill but failed to answer the amended bill. Decree pro confesso appears not to have been taken against him, but this omission seems not to have been objected to in the lower court.

A Special Master was appointed, testimony taken, and

the chancellor entered a final decree in which the mortgage was held and decreed to be invalid and unenforceable as a mortgage lien, because it was not acknowledged by a married woman in accordance with the statutory requirements, but granted the. alternative relief prayed for in the amended bill, and charged the premises as the separate property of the married woman for the purchase price thereof under Section 2, Article XI of the Constitution, and held that the note and mortgage was an agreement in writing for the benefit of her separate property and charged said premises for the amount of principal, interest and costs.

The appellants being dissatisfied with this decree have taken their appeal to this Court.

Sometime between the date of the contract of purchase from Everhart and Barnes to A. Y. Oates, and April 21st, 1927, there was constructed and erected a dwelling house on the lot, which it is claimed cost about $10,000.00. This dwelling house was erected by A. Y. Oates, a contractor. He appears to have been the moving and dominating party in every step of the transaction. There were several small payments made on the loan, and interest was paid up to October 16th, 1928. It is admitted that Virginia Oates and M. D. Oates signed the note and mortgage.

It is first contended that it was error to proceed to final decree in the absence of an answer by, or a decree pro confesso against M. D. Oates.

In Bannon vs. Trammell, 96 Fla. 408, 118 So. 167, Sharman vs. Bay Shore Investment Co., 99 Fla. 193, 126 So. 282, Waring vs. O'Doniel, 102 Fla. 354, 135 So. 850, and Humphries vs. Hester, 103 Fla. 1157, 139 So. 147, relied upon by appellants, what appeared to be necessary defendants were not served with process, either personally or constructively; they had not appeared nor

filed any defense and the cases had never been dismissed as to them. The decisions in those cases turned on the lack of jurisdiction of the court as to the defendants who were not served, rather than upon the failure to enter a decree pro confesso against them.

In Neubert vs. Massman, 37 Fla. 91, 19 So. 625, it was said: ''The granting of the final decree in the absence of a decree pro confesso against Edward Weil is also assigned as error. The record shows that the defendant Weil was duly served with subpoena and joined in the demurrers to the original and supplemental bills, and after the overruling of these demurrers defaulted in answering the bill on the next succeeding rule day. Objection that decree pro confesso was not entered against Weil is made for the first time in this court. Under these circumstances, the omission to enter decree pro confesso against Weil prior to granting a final decree was not reversible error.''

In the case of Wellborn vs. Sawyer, 68 Fla. 308, 67 So. 83, this court said: ''A failure to enter a decree pro confesso against one defendant may not affect the rights of another defendant, so as to require a reversal of a decree. * * * Though no decree pro confesso appears to have been entered against the defendant National Mercantile Realty & Improvement Co., which appeared, but apparently did not answer, the defendant Wellborn cannot complain of it here for the first time, if at all.'' See, also, Rushing vs. Thompson's Executor, 20 Fla. 583.

From the foregoing authorities, we conclude that any failure to enter a decree pro confesso as to M. D. Oates is not reversible error. And especially is this so in view of the fact that he has not been deprived of any substantial rights. In fact, he is joined as a party defendant because his wife, Virginia Oates, could not be sued alone. The real appellant here is Virginia Oates, and she

cannot take advantage of the irregularity as to M. D. Oates in order to obtain a reversal of the decree as to her.

Next, it is urged by appellants that the complainant in a proceeding to charge a married woman's property with an indebtedness, under the provisions of Section 2, Article XI, of the Constitution, cannot avail itself of an acceleration clause in an invalid mortgage so as to render immediately due and payable an indebtedness evidenced by a note signed by the husband and wife. Appellants rely upon the following from Blood vs. Hunt, 97 Fla. 551, 121 So. 886: "Even if this were a case in which the Constitution authorizes the married woman's separate real and personal property to be charged in equity and sold for the price of property purchased by her, and if the allegations of the bill of complaint be sufficient for the case, the Constitution does not provide for accelerating the maturity of the purchase money payments not yet due."

Section 2, Article XI, of the Constitution provides that a married woman's separate property may be charged in equity (1) "for the purchase money thereof"; (2) "for money or thing due upon any agreement made by her in writing for the benefit of her separate property"; (3) "for the price of any property purchased by her"; etc.

The statement in the opinion in Blood vs. Hunt, supra, that "the Constitution does not provide for accelerating the maturity of purchase money payments not yet due", had reference to allegations of a bill of complaint seeking to subject in equity a married woman's separate property "for the price of property purchased by her" and owed by her to the vendor of the property, the right to subject this separate property in equity being based upon "the price of property" due, and not based on an agreement in writing for the benefit of the married woman's separate property. See, also, Barrett vs. Howard, 97

Fla. 582, 121 So. 898. In the case at bar, it is sought to subject in equity the separate property of a married woman for money loaned to the married woman by a third party, which enhanced, augmented and benefited her separate property, the real claim being "for money * due upon an agreement made by her in writing for the benefit of her separate property."

In the case at bar, the lower court decreed appellee's mortgage to be invalid and unenforceable as a mortgage lien, because there was no proper acknowledgment of the same. According to the contention of the appellants as to Virginia Oates, there is no valid and enforceable contract evidencing the debt and no valid and enforceable contract lien as security for the debt. They contend that both instruments, that is, the note and mortgage, are void as to appellant, Virginia Oates, for all purposes, and neither of them, nor both of them taken together, can be a valid contract as to her. If this contention be true, then it must follow that the terms of the note fixing the maturity dates of the principal are not binding upon her, and if they are not binding upon her, then these same terms ought not to bind the appellee, for lack of mutuality. If the maturity dates as fixed in the note are not binding upon either the appellant, Virginia Oates, or the appellee, then, no time being fixed by the contract for the maturity of the debt, it may all become due upon demand, or the filing of the suit, which would be construed as a demand.

However, we do not agree with the contention of the appellant that the note and mortgage are void for all purposes as to the appellant Virginia Oates. This Court is committed to the doctrine that even though the note and mortgage are void in the sense that a personal judgment or decree cannot be entered against a married wo-

man, yet it does not follow that they are void for all purposes.

In Schmidt vs. Kibben, 100 Fla. 1684, 132 So. 194, it is said: "Although a contract made by a married woman may not be specifically enforced against her by reason of the fact that such contract was not executed or acknowledged by her in accordance with the statutory requirements, such fact does not make the contract void, but, upon a sufficient showing in proper proceedings instituted for that purpose, the money paid to such married woman upon such contract, may be required to be returned or decreed to be a lien upon her separate property."

In the case of Deno vs. Smith, 103. Fla. 282, 137 So. 248, it was said: "While a promissory note of a married woman, not a free dealer, is not a legal predicate for a personal judgment or decree against her, such a note with competent evidence as to the circumstances under which the note was executed and a due consideration received by her may constitute an agreement in writing for the benefit of her separate property, for which the married woman's separate property may be charged in equity and sold, under Section 2, Article XI, of the Constitution."

To the same effect, see Thaden vs. Swartz, 99 Fla. 1082, 128 So. 425; Shields vs. Ensign, 68 Fla. 522, 67 So. 140; Vance vs. Jacksonville R. & M. Co., 69 Fla. 33, 67 So. 636; Citizens Bank & Trust Co. vs. Smith, 97 Fla. 601, 121 So. 900; Ziegler vs. Ft. Lauderdale Securities Co., 102 Fla. 346, 135 So. 838.

Thus it has been repeatedly held by this court that the contracts of a married woman are not void, but that the same may not be specifically enforced against her or the same are not a sufficient predicate on which to render a personal judgment or decree against her; but such

contracts, with competent evidence as to the circumstances under which they were executed and a due consideration received by her, may constitute an agreement in writing for the benefit of her separate property. Deno vs. Smith, supra, deals with a promissory note of a married woman. Ziegler vs. Ft. Lauderdale Securities Co., supra, deals with an unenforceable mortgage of a married woman. In Citizens Bank & Trust Co. vs. Smith, supra, it is said: ''And notes given by her (referring to a married woman) for such indebtedness may be used as evidence when her separate property is being charged in equity for the debts specified in the Constitution.''

The record in the case at bar discloses that the note and unenforceable mortgage are part of the same transaction and were signed at the same time. Both are to be considered and construed together as representing the agreement in writing of Mrs. Oates for the benefit of her separate property. Spadaro vs. Baird, 97 Fla. 50, 119 So. 788.

The note fixes the maturity dates of the principal. These dates are presumed to be most convenient to her. The convenience to her for the maturity by installments is upon the condition that these installments be paid promptly, otherwise she is not entitled to the enjoyment of that convenience, and in the event of default the whole debt matures under the terms of the acceleration clause of the unenforceable mortgage. Whether the position be taken that the note and unenforceable mortgage are the agreement in writing, or may be used as evidence of the agreement in writing, the same conclusion would result, namely, that the agreement is that the principal was to be repaid in installments on certain fixed dates, provided they were paid promptly, otherwise the entire unpaid principal would immediately become due and payable. One instrument may fix the maturity dates of the debt,

contingent always upon the other instrument which provides for the acceleration of the debt upon a default in payment of the installment. If the note is evidence of an agreement in writing for the benefit of her separate property, so far as the maturity dates of the installment are concerned, then if there be a default, the mortgage is likewise evidence of the maturity date of the entire debt under the acceleration clause. The married woman is as competent to agree to one term or condition as the other. If one is for the benefit of her separate property, then likewise is the other. They both deal with and determine the same subject, viz., the maturity date of the debt. The ultimate object of each is to fix the maturity date of that debt under different contemplated circumstances. The one provides for the payment of the debt by installment on fixed dates, the other changes those dates upon default. And the court in ascertaining what was the arrangement or agreement of the parties as to the maturity of the debt should look to the instruments evidencing the entire transaction. It will not single out any part of the contract or one instrument to the exclusion of all others because either happens to be to the advantage of one of the parties. The Constitution authorizes and empowers a married woman to create an obligation, either for the purchase price of her separate property or for the benefit of her separate property upon an agreement in writing. The Constitution does not fix the terms and conditions of such obligation. Section 2, Article XI, of the Constitution. Such terms and conditions may be incorporated into the obligation and be binding upon the married woman or her separate property if not prohibited by the organic provisions. The provisions in the note fixing the maturity dates of the installment and the accelerating clause in the mortgage are not prohibited by the Constitution.

We think it quite clear that the lower court did not err in finding the entire amount due.

Next, it is contended that the complainant is not entitled under Section 2, Article XI, of the Constitution, to pay fees and commissions on the loans and charge same against a married woman's separate property, and it is urged that the item of $49.13 paid by the Title Company to itself is an improper charge. The appellants overlooked the fact that Mrs. Oates obtained a loan for $6000.00, and before she could obtain this loan, she must have good title to the premises. In the application, it was stated that she had the fee to the premises and that they were clear and free of encumbrances. It appears that she did not have the fee title, and before the loan could be completed, it was necessary to acquire title, procure an abstract evidencing title, record instruments showing title, and in the absence of any showing to the contrary, it is presumed that the Title Company in performing these services was acting for Mrs. Oates. As to the item of $336.37, this was paid to Groover & Son for commission on the loan. There is no evidence in the record that Groover & Son were acting as an agent of appellee, and it may be presumed that there was an agreement for the payment of commissions and that the Title Company was authorized to make this disbursement. Virginia Oates executed her note evidencing the full amount of the loan, to-wit, $6000.00. While the note is void for some purposes, yet it is evidence that she acknowledged herself to be indebted for that amount.

Next, it is contended that the complainant cannot, under the provisions of Section 2, Article XI, of the Constitution, have an equitable lien against a married woman's separate property for $4208.40, which was procured, not as purchase money, but as a loan, and paid out by her to another. We find no merit in this con-

tention. The theory of the bill is to subject the married woman's separate property, under the Constitution, to the payment of the balance due on the debt, which debt was for money loaned to her and out of the proceeds of which she received $4208.40. Because she paid it out to another person does not alter the fact that she received the same and that her estate was enhanced and augmented and benefited thereby. In this case where there was an understanding that the debt was to be secured by a mortgage on certain property and there was an abortive attempt to give that mortgage, equity may regard that as done which ought to have been done and hold the mortgage to be an equitable mortgage or lien upon the premises intended and attempted to be encumbered. Craven vs. Hartley, 102 Fla. 282, 135 So. 899.

Lastly, it is contended by appellant that the note and mortgage cannot be used as an instrument in writing with which to charge the separate property of a married woman for the benefits received under the provisions of Section 2, Article XI, of the Constitution. We have held, however, that the separate property on which a married gave a void mortgage is chargeable in equity with the debt created for the benefit of her separate property, and that a mortgage executed by a married woman alone upon her separate property to secure a note executed by a married woman alone, being ineffectual because the husband did not join in the mortgage, the same separate property of the married woman may, under Section 2, Article XI, of the Constitution, be charged in equity for the payment of money due by her upon an agreement in writing for the benefit of her separate property. Ziegler vs. Ft. Lauderdale Securities Co., supra; Deno vs. Smith, supra.

The appellee has presented several questions in its brief which need not be decided upon this appeal, as no

cross-assignments of error were filed by the appellee. Under Special Rule 4 (See 51 Fla. App. 32) governing Chancery appeals, and our decision in the case of Gay vs. Whidden, 64 Fla. 295, 59 So. 896, if the appellee fails to file and serve cross-assignments of error, the parties will be confined on the hearing to the consideration of the assignments of error filed by the appellant.

No errors have been made to appear, and the decree appealed from is affirmed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929 (Extra Session), adopted by the court as its opinion, it is considered, ordered and decreed by the court that the decree of the court below should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.