From an adverse decree appellants appealed and thereupon appellee filed cross-assignments of error, which cross-assignments of error appellants have moved to dismiss upon the following grounds:
"As to cross-assignments of error numbered 1 and 2:
"(1) That this court is without jurisdiction to determine the validity of the order referred to in the above mentioned cross-assignments of error since the said cross-assignments of error were not filed within 60 days of the entry and recording of the final decree as required by law.
"(2) That this court is without jurisdiction to determine the validity of the order referred to in the above mentioned cross-assignments of error since the said cross-assignments of error were not filed within 60 days of the entry and recording of the notice of appeal as required by law.
"As to cross-assignment of error numbered 3:
"(1) It is apparent from the face of the record that a necessary party, to-wit, the purchaser of the property at the master's sale has not been joined as a party to this appeal."
By the entry of the appeal this Court acquired jurisdiction of the subject matter and of the parties.
"(8) Notice of appeal. — The filing of the notice of appeal, with the clerk of the trial court, or judge if there be no clerk, shall give the appellate court jurisdiction of the subject matter and parties to the appeal; however, such notice shall be recorded in the minutes of the trial court, but such recording is not jurisdictional." Section 59.01(8), F.S. 1941, 1945 Supp., F.S.A.
The pertinent Supreme Court Rules are:
"Rule 10. Assignments of Error. Assignments of error shall be construed liberally so as to permit the Court to consider the alleged errors of the trial court. If based on orders, evidence or charges they should be referred to and if based on motion for new trial the grounds relied on should be pointed out."
"Rule 11(1) (c). Cross Assignments of Error by Appellee. The appellee may include cross assignments of error with his directions, but the failure of an appellee to file cross assignments of error shall in no event be construed so as to prevent him from thereafter appealing from an adverse ruling."
Rule 34, relating to the review of interlocutory decrees provides that: "This rule shall not preclude the review of such orders and decrees on final decree, if found more expedient." Supreme Court Rule 34(a).
We have previously held that successful parties in chancery causes may have adverse rulings on interlocutory matters reviewed upon appeal from favorable final decree by assigning such rulings as error, Wilder v. Punta Gorda State Bank, 100 Fla. 517,129 So. 865, and that to enable appellee to complain of a decree, he must file cross-assignments of error. Gay v. Whidden, 64 Fla. 295, 59 So. 896; Harvey v. Hayes, 71 Fla. 346, 71 So. 282, Oates v. Prudential Ins. Co. of America, 107 Fla. 224, 144 So. 418.
The motion to dismiss is denied. *Page 865