PATRICK BANNON and ANNA MARGARET BANNON, *Appellants*, v. C. M. TRAMMELL and CLYDE G. TRAMMELL, *Appellees*.

Opinion filed August 1, 1928.

*Sherman T. Taylor,* for Appellants;

*Lee J. Clyatt* and *W. W. Whitehurst* for Appellees.

JOHNSON, Circuit Judge:

Appellees, C. M. Trammell and Clyde G. Trammell filed their bill of complaint in the Circuit Court for Polk County, Florida, against the appellants, Patrick Bannon and Anna Margaret Bannon, and against one William Stock, praying for an accounting, that certain property involved be decreed to be held in trust, and praying for a receiver to be appointed to hold said property pending a final decree.

The appellants will be designated herein as defendants, or defendant, as the case might be. The appellees will be designated complainants, or complainant, as the case might be.

The salient facts, chronologically stated, are:

In 1913 the complainant, C. M. Trammell, borrowed from the defendant, Patrick Bannon, $250.00, and gave his promissory note therefor due in sixty days. This note was not paid. On September 10th, 1915, the defendant, Patrick Bannon, secured judgment on this note in Hillsborough

county. The amount of the judgment was $290.00 with
$7.08 costs. Copy of this judgment was recorded in Polk
county. This judgment was not paid. During the latter
part of 1919 the defendant became insistent upon pay-
ment. On October 23rd, 1919, the defendant and com-
plainant got together and the complainants, both of them,
executed promissory notes and delivered same to the de-
fendant, Patrick Bannon. The complainants claim they
only executed two notes, one for $358.75 and one for
$175.00, both notes due in six months. The defendant,
Patrick Bannon claims there were three notes, one for
$358.75 and two for $175.00 each. On the 14th day of
November, 1919, the complainant, Clyde G. Trammell, exe-
cuted and delivered to the defendant, Patrick Bannon, a
mortgage on the southwest quarter of the southeast quarter
of section 13, township 27 South, range 26 East, in Polk
County, Florida, to secure the payment of promissory note
for $175.00, dated October 23rd, 1919, and due on or be-
fore six months after date. On January 3rd, 1920, the
defendant, Patrick Bannon, received from the complain-
ant, C. M. Trammell, a check for $175.00 and later a check
for $10.00. The latter part of 1920 the defendant, Patrick
Bannon, again became insistent upon the complainant, C.
M. Trammell, paying the indebtedness due. To this end
the complainant, Clyde G. Trammell, and wife, executed
and delivered to the defendant, Patrick Bannon, a war-
ranty deed to southwest quarter of the southeast quarter
of section 13, township 27 South, range 26 East, being the
same lands covered by the mortgage of November 14th,
1919. The consideration named in this deed is $500.00.
This deed is dated December 30th, 1920. Shortly after the
deed was executed and delivered, and before it was re-
corded, the defendant, Patrick Bannon, requested that the
name of the grantee in the deed be changed from Patrick

Bannon to Anna Margaret Bannon, which was done by consent. Here the matter stood until 1925. Under date of August 19th, 1925, the complainant, C. M. Trammell, writes to the defendant, Patrick Bannon, claiming this land was deeded to secure an indebtedness and offering to redeem same. The defendant, Patrick Bannon, answers this letter and claims that the deed was absolute and not a mortgage.

On September 2, 1925, the defendant, Anna Margaret Bannon, by warranty deed, conveys this land to the defendant, William Stock. On the same date William Stock and wife executes and delivers to Anna Margaret Bannon a mortgage on this land to secure notes aggregating $20,000.00.

The pleading:

On the 11th day of December, 1925, the complainants file their bill of complaint in the circuit court for Polk County, Florida, against Patrick Bannon, Anna Margaret Bannon and William Stock. The bill of complaint alleges that the deed dated December 30, 1920, was given to secure an indebtedness and was therefore a mortgage. In the bill of complaint the complainants pray:

"That the defendants, Patrick Bannon and Anna Margaret Bannon be required to come to an accounting with the complainants for the moneys and securities received by them or either of them, from the unlawful sale of the lands hereinbefore described, and pay to complainant, C. M. Trammell, the surplus cash received in said sale, and after deducting therefrom the amount of principal and interest found on such accounting to be due from C. M. Trammell to Patrick Bannon, and to assign and deliver to complainant, C. M. Trammell, the promissory notes and mortgage herein described executed by the defendant, William

Stock, and delivered by him to defendant, Anna Margaret Bannon, as aforesaid; and that the defendant, William Stock, be directed by the order of this Court to pay said sums promised to be paid by said notes on their respective due dates to the legal holder or person legally entitled thereto, as the same may be determined by this Court; etc.''

The bill further prayed for the appointment of a receiver to take and hold the note and mortgage in question and the amount of the cash received on the sale of said lands. The bill further prayed that such receiver be appointed without notice to the defendants.

On February 8, 1926, the Court made an order appointing a receiver. In the order appointing a receiver the Court, among other things, ordered:

"And it is further ordered, that the defendant, William Stock, make any payments he may be required to make, or may desire to make, upon said notes and mortgage debt to the receiver appointed hereby, and to no other person, until the further order of this Court.''

On the 8th day of September, 1926, an order and decree was made by the court discharging the first receiver appointed and appointing the Snell National Bank as receiver. In this order and decree the same provisions was made as to payments by the defendant, William Stock.

The defendants, Patrick Bannon and Anna Margaret Bannon, entered their appearance. The defendant, Patrick Bannon, filed an answer. Decree *pro confesso* was entered against the defendant, Anna Margaret Bannon, for failure to file, plea, answer or demurrer.

The defendant, William Stock, was never served with

process either personally or constructively, neither did he enter his appearance nor file any defense whatever. The case has never been dismissed as to him.

The court appointed a special master to take and report the testimony. The testimony is voluminous and conflicting.

Upon the report of the testimony by the special master of the case was noticed for hearing on December 2nd, 1926.

On December 23rd, 1926, the court entered a decree finding the equities in said cause with the complainants. In this decree the court, among other things, found: "That the court has jurisdiction of the subject matter in this cause and of the parties herein." This was error as the defendant William Stock had never been brought into court, nor had the cause been dismissed as to him. In this decree the Court recites:

"The Court has not been able to determine from the testimony taken in this cause, or from the exhibits filed therewith, the amount of cash paid by the said William Stock to the defendant, Anna Margaret Bannon at the time of the purchase of said lands by him and at the time of the execution and delivery of the deed by said defendant conveying the said premises; and it is necessary, in order that complete justice be done between the parties to this suit; that the Court shall be fully informed of the amount of money received by the defendant, Anna Margaret Bannon, on account of the sale of said lands, and the conveyance thereof to the said William Stock; and, for this purpose, that it is necessary that an accounting be had under the direction of this Court for the purpose of permitting the parties hereto to submit to this Court evidence showing the amount of money received by the

said Anna Margaret Bannon in cash, in consideration of and for the sale and conveyance of said lands.''

\*   \*   \*   \*   \*   \*   \*   \*   \*

IT IS, THEREUPON, Considered, Ordered and Adjudged that the foregoing cause be, and the same is, hereby re-referred to the Hon. C. M. Wiggins as Special Master for the purpose of taking testimony herein disclosing the amount of money paid to and received by the defendant, Anna Margaret Bannon and/or Patrick Bannon on account of the sale of said lands hereinabove described; and that the said testimony be taken by the said parties, and the taking thereof completed within twenty days next after the entry of this decree.''

By subsequent order the complainants were allowed to take the testimony of one Kurt R. Beak of the City of Chicago, State of Illinois. The testimony of this witness, questions and answers, is as follows:

''1. Please state your name, place of residence and business?

''A. My name is Kurt R. Beak. My place of residence is 538 Cornelia Ave., and my business is located is located at 196 N. Clark Street, Chicago, Ill.

''2. Please state whether or not as a real estate broker or agent in the year 1925 you negotiated a sale or purchase of a certain tract of land situate in Polk County, Florida described as the SE$\frac{1}{2}$ of SW$\frac{1}{4}$ of Section 13, Township 27 S., Range 26 E., in which transaction Anna Margaret Bannon was the vendor and William Stock was the vendee?

''A. During the year 1925, I negotiated the sale of 40 acres, more or less, legally described as ''The

southwest quarter of the southeast quarter of Section 13, Township 27 South, Range 26 East,'' in which transaction Anna Margaret Bannon was the vendor and William Stock was the vendee.

''3. If your answer to the last interogatory be yea, please state if you know the amount of cash consideration that passed to the. defendant or either defendant, Patrick Bannon and/or Anna Margaret Bannon?

''A. The purchase price on the tract was $25,000.00. Anna Margaret Bannon receiving the sum of $200.00 in cash as a binder, and then on September 25, 1925, the sum of $4,800.00 paid by draft, drawn by the Growers Commercial Bank at Haines City, Florida, on William Stock at the National Bank of Commerce, Chicago, said draft being paid September 30, 1925. The sum of $20,000.00, in purchase money mortgage, due in accordance with its terms and conditions, and signed by William Stock and his wife.''

On this testimony coming in the Court rendered final decree. That Patrick Bannon was entitled to receive from the complainant, C. M. Trammell the sum of $358.75 with interest thereon from October 23rd, 1919. That C. M. Trammell was entitled to the five thousand cash payment on the land with interest from the 2nd day of September, 1925, the rate of interest in both instances being eight per cent. The Court further decreed:

''It is therefore ordered adjudged and decreed that complainant C. M. Trammell do have and recover of and from the defendants Patrick Bannon and Anna Margaret Bannon the sum of Five Thousand and seventy six dollars, for which let execution issue as at law.''

It was further decreed that Patrick Bannon pay the costs of this suit. The decree dated April 19th, 1927.

From the two decrees rendered the defendants, Patrick Bannon and Anna Margaret Bannon, appeals.

The appellants make twenty four assignments of error. The assignments of error are abbreviated and are more numerous than necessary. The Court doesn't deem it necessary to consider but three of the assignments: the 8th, 11th and 17th.

The eight assignment of error is "The Court erred in entering order appointing master on July 7, 1926.

In the case of Macfarlane et al. v. Hills, 50 Fla. 566 we find:

"It is assigned as error that the circuit judge erred in not granting a decree in favor of defendants and dismissing the bill, and also that he erred in appointing a master to take the testimony.

"We do not think the chancellor erred in refusing to finally hear the case on motion of D. S. Macfarlane and J. S. Mairson. The pleadings were not in condition for final hearing. The record does not show that Flora Lewin as executrix, or J. J. Carson who were defendants in the bill, had ever been served with process, or had appeared to or answered the bill. Nor that the bill had been dismissed as to these parties * * * If the complainants neglect or refuse to bring all the defendants in the court upon proper issues the proper remedy of a defendant who has answered, is to move to dismiss the bill for want or prosecution. * * *

"It follows from what has been said that the judge erred in referring the case to a master to take testimony when the issues were not made up."

The complainants, at the institution of the suit, made William Stock a party defendant, and properly so. The

judge of the circuit court recognized this in his order appointing a receiver. If any rights that William Stock might have had were to be protected, or, if he was to be bound by the provisions of the final decree rendered, then he was a proper party defendant and should have been brought into court that he might have his day. If the court had found that William Stock was not a proper or necessary party defendant then his name should have been struck by order of the court under the provisions of Sec. 2568 of the Rev. Gen. Stats., and this done before the final decree was rendered.

The 11th assignment of error is: "The Court erred in decree, filed and recorded December 24, 1926."

The 17th assignment of error is: "The Court erred in entering final decree dated April 19, 1927."

The two decrees amount to one final decree and these two assignments will be treated together.

The final decree undertaking to fix the liability of the defendants reads:

It is therefore ordered, adjudged and decreed that the complainant C. M. Trammell do have and recover of and from the defendants Patrick Bannon and Anna Margaret Bannon the sum of $5,076.00, for which let execution issue as at law."

This is decreeing a joint and several liability against the two defendants. We do not find a basis for such a decree either in the allegations of the bill or in the testimony offered. We find that the complainant, C. M. Trammell, is alone responsible for the position in which he finds himself. The deed of December 30, 1920, is made to Anna Margaret Bannon to whom no indebtedness was due. The complainant claims that if the land was not sold within six months from the date of the deed it was to be reconveyed to him. He does not offer to pay his indebtedness, nor does he make any effort to secure a reconveyance of

the land to him for more than four and one-half years after the deed is made. The testimony shows that Anna Margaret Bannon made the sale of the land in question and that she received the cash paid as part of the consideration for the lands. There is no evidence that the defendant Patrick Bannon had anything to do with the sale or that he received any part of the consideration.

It is presumed that the taxes were paid on this land during the time the title remained in the defendant, Anna Margaret Bannon. The presumption that Anna Margaret Bannon paid these taxes is stronger than that the complainant, C. M. Trammell, paid them. If the taxes were paid by the defendants or either of them the taxes should have been credited.

The burden of proof was upon the complainants to establish their claim with definiteness by a preponderance of the evidence.

Under the law and the rules of practice in equity the complainants could force the defendants, or either of them, to discover the facts necessary to make a decree definite and certain as to liability.

For the reasons stated, the order referring the case to a master to take testimony, and the decree of December 23rd, 1926, and the final decree of April 19, 1927, are hereby reversed, and the case is hereby remanded for further proceedings in keeping with this opinion.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order referring the case to a master to take testimony, and the decree of December 23rd, 1926, and the final decree of April 19th, 1927, be and the same

are hereby reversed and the cause is remanded for further proceedings in keeping with this opinion.

WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., agrees to the conclusion.