Victor J. Sharman and Marguerite Sharman, his wife, H. Ida Sjostrom and P. Robert G. Sjostrom, her husband, Buffalow Land and Investment Company, a Florida Corporation; Big Four Investment Company, a Florida Corporation; The Northern Miami Real Estate Corporation, a Florida Corporation, *Appellants,* v. Bayshore Investment Company, a Corporation organized under the laws of the State of Delaware, *Appellee.*

Division B.

Opinion filed January 28, 1930.

*Stapp, Gourley, Vining & Ward,* for Appellants;

*Harold M. Wilson,* for Appellee.

BUFORD, J.—In this case there is but one assignment of error that appears to be meritorious. That assignment is based upon the fact that the Northern Miami Real Estate Corporation was a party to the suit. That no service binding upon such corporation was had; that a decree pro confesso was entered against that corporation without service having been had upon the same, and that therefore, the Court was without jurisdiction to enter such decree pro confesso and was without jurisdiction to enter a final decree as long as that corporation stood as a party to the suit and the cause was not at issue as that party.

Attempted service was had by publication under the provisions of Section 5 of Chapter 11829, Acts of 1927.

The certificate of the Secretary of State upon which the attempted service was based was as follows:

"OFFICE SECRETARY OF STATE

Tallahassee, Fla., Aug. 22, 1927.

This is to certify that Northern Miami Real Estate Corporation, a corporation organized and existing under the laws of Florida, has not complied with Chapter 11829, Laws Florida of Session 1927, relative to designating a principal place of business and naming a resident agent, and in pursuance of said Act has filed in this office the

following information and same having been filed on
..................... Said corporation has, however,
filed in pursuance of the 1925 Act a certificate designating
Bert Goldman, 136 S. E. 1st Street, Miami, Florida, as
resident agent upon whom service of process may be had;
and the said Bert Goldman has filed his acceptance as
same; both papers having been filed Nov. 4, 1925.

H. CLAY CRAWFORD,
Secretary of State."

This certificate shows that Northern Miami Real Estate
Corporation had filed in the office of the Secretary of
State pursuant to Section 57 of Chapter 10096, a certifi-
cate designating one Bert Goldman at 136 S. E. First St.,
Miami, Florida, as resident agent upon whom service of
process may be had and that the said Bert Goldman had
filed his acceptance of same, both papers having been filed
on November 4th, 1925. Therefore, a resident agent upon
whom process could be served to bind the corporation had
been designated as required by law. It is contended that
because the corporation had not at the time this suit was
filed, which was the 27th day of June, 1927, re-designated
an agent under the provisions of Sec. 1 of Chapter 11829,
Acts of 1927, that the complainants were entitled to con-
structive service by publication without any effort to make
actual service on the agent designated by the corporation
and whose address was definitely given in the certificate of
the Secretary of State. There is no showing in the record
that any effort was made to get service on the corporation
by serving the designated agent, Bert Goldman, at the ad-
dress named in the certificate which was an address desig-
nating a location within the county in which the suit was
filed and was binding.

Under such condition of facts, we do not think that

service by publication was binding upon Northern Miami Real Estate Corporation.

Section 5 of Chapter 11829 requires the notice of service by publication, when authorized, to be made returnable on a rule day not less than 28 nor more than 60 days from the date of such order of publication.

In this case the order of publication was not made returnable to a rule day, but was made returnable to the 17th day of October, 1927, and the Court will take judicial cognizance of the fact that October 17th, 1927, was not a rule day. It is apparent, therefore, from the record that the statute under which the service by publication was attempted was not complied with. Therefore, service by publication which would bind the defendant, Northern Miami Real Estate Corporation, was not had and such corporation had not been brought within the jurisdiction of the court.

In Bannon v. Trammell et al., 96 Fla. 408, 118 So. R. 167, in an able opinion prepared by Circuit Judge Johnson, this Court say:

"It is error to proceed to a final decree in a cause before all parties made defendants have been brought into court and the issues made up, or decree *pro confesso* entered against such defendants, or the cause dismissed as to unnecessary parties.

"Before proceeding to a final decree, the court should strike or dismiss as to all unnecessary parties made defendant, and this should be done whether such parties have been served with process or not."

On authority of the opinion in the above cited case, the decree appealed from should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.