M. G. WARING, et al, *Appellants*, v. P. W. O'DONIEL, *Appellee*.

135 So. 850.

En Banc.

Opinion filed July 7, 1931.

355

*H. M. Billingsley,* and *Peterson, Carver, Langston &
O'Quin,* for Appellants;
*Edwards & Merchant,* for Appellee.

DAVIS, Commissioner.—P. W. O'Doniel, whom we will refer to as complainant, filed his bill for the foreclosure of a "second" mortgage given to him by one M. G. Waring and wife, Eunice L. Waring. In addition to the mortgagors, Winston City Development Corporation, a Florida corporation, E. B. Polk, John M. Lee, W. P. Juhlin and Lee Juhlin, T. S. Skilton, Meyer Fried, Mrs. Sadie J. Nowry, as administratrix of the estate of S. E. Nowry, deceased, William L. Hankey, as Administrator of the estate of S. E. Nowry, deceased, Emily Stoneback and Grace Sprinkle were named in the bill as defendants. A number of the defendants were residents of states other than Florida, and it was necessary for constructive service of process to be made upon them. An affidavit designed to conform to the statute for such service was made by solicitor for complainant and the same was attached to the bill of complaint proper and delivered to the clerk of the court and received and filed by him as one document. Thereupon the clerk made an order of publication as to the nonresident defendants. A summons in chancery was issued to the defendants M. G. Waring and wife, Winston City Development Corporation, E. B. Polk, John M. Lee, W. P. Juhlin and Lee Juhlin, all of whom were alleged to be residents of Polk County, Florida. All of the resident defendants appeared and answered, except the Juhlins. The record shows that an answer was filed by Sadie J. Nowry as administratrix of the Estate of S. E. Nowry, deceased, but such answer is not copied in the transcript. A decree pro confesso was entered against the other defendants, except W. L. Hankey, as administrator of the estate of S. E. Nowry, deceased.

The court thereupon appointed a special master to take the testimony of the parties and report the same to the court. Upon the coming in of the report of the special master, the court entered a final decree in favor of the complainant and decreed a sale of the property. The complainant sold to Waring the property involved in the foreclosure

suit for which Waring executed and delivered to the complainant his promissory note for $12,000.00, secured by a purchase-money mortgage executed by himself and wife, and also as a part of the consideration for the said property, Waring deeded to the complainant certain store property in Fort Meade and Lots 4 and 5 in Block A of Patton Heights Addition, a subdivision of Lakeland.

At the time of the conveyance of these two lots to the complainant, said lots were covered by a blanket mortgage to one Mrs. Susan G. Patten, which said mortgage among other things provided for a release of the said two lots

"upon the payment of Seventeen Hundred and Fifty Dollars ($1750.00) each by the mortgagor or the purchaser of said lots; or the mortgagor may secure the release of said lots at any time by the payment of the entire amount of Thirty-five Hundred Dollars ($3500.00). * * *

"At the time of any payment made under the agreement above set forth interest from this date at six (6) per cent on the amount of said payment shall be paid at the time the payment is made.

"All amounts paid for the release of individual lots, as above described, are to apply on the principal and interest of the above described note of ($42,918.60) until same is due."

To protect the complainant against the mortgage held by Mrs. Patten, the defendants Waring and wife, executed and delivered to him a note for $2500.00, and a "second" mortgage (the mortgage herein sought to be foreclosed) on the property conveyed by the complainant to Waring purporting to secure the said note for $3500.00. The said second mortgage contained the following provision:

"This mortgage is given in lien (lieu) of a bond guaranteeing the payment of a certain mortgage within two years from date hereof to which specific reference is made in a certain deed from M. G. Waring and wife Eunice L. Waring to P. W. O'Doniel bearing date of June 15, 1925. Should said M. G. Waring, his heirs or assigns pay one certain mortgage covering lots 4 and 5

block ''A'' Patten Heights Addition within two years from date hereof, this mortgage is null and void, otherwise shall be collected by the mortgagee herein and the proceeds to be used for the expressed purpose of liquidating said mortgage and interest.''

More than two years after the date of the mortgage, Waring having failed to secure a release of the said two lots from the mortgage held by Mrs. Patten, the complainant paid to her the sum of $2172.33, and obtained from her a release of said lot 5, from the lien of her mortgage. The sum paid by him to her was the principal sum required to be paid for the release of said lot 5 and the interest thereon from the date of the mortgage. Complainant also paid out the sum of $267.46, in acquiring a tax certificate that had issued on the property mortgaged by Waring and wife to the complainant, and the further sum of $10.00 was expended by him for advice of an attorney. The total amount paid by the complainant for the release of Lot 5 from the mortgage of Mrs. Patten and for the tax certificate was $2449.79. This amount, together with the interest thereon was paid to him by Waring. Complainant says this payment was for the purpose of reimbursing him for the moneys paid out by him while Waring contends that the payments were made on the $3500.00 note. This conflict in the testimony, if important, was settled by the lower court in favor of the complainant, and it has not been made clearly to appear that the court erred in that respect.

The appellants have assigned a number of errors, only a few of which it will be necessary for us to consider in disposing of the case.

It is contended by the appellants that the court erred in making the order of reference, because (1) no proper predicate had been laid for making the order of publication in that the bill was not sworn to and the affidavit attached thereto was not duly filed. (2) No process was served upon the defendants W. P. Juhlin and Lee Juhlin and they had not been dismissed as parties defendant.

There is no contention here that the affidavit was defective, nor is it contended that it was not delivered to and received by the clerk of the court at the same time that the bill of complaint was delivered to him.

A paper is filed when it is delivered to the proper official and received by him to be kept in his official custody. The usual file marks are but one evidence of the filing. Cook v. J. I. Case Plow Works Co., 85 Fla. 421, 96 So. 292; Franklin County v. State, 24 Fla. 55, 3 So. 471, 12 Am. St. Rep. 183.

It follows that the position of appellants that the affidavit was not duly filed was not well taken.

A more serious question however is involved in the proposition that the court could not make an order of reference and proceed to a final decree before all defendants were in court. It may be, as contended by appellee, that W. P. Juhlin and Lee Juhlin, were not necessary or proper parties. Complainant evidently thought that they were when he filed his bill and the final decree adjudged the lien of complainant to be "superior to any right, title or interest of the defendants * * * W. P. Juhlin, Lee Juhlin * * * W. L. Hankey as administrator of the estate of S. E. Nowry, deceased." If complainant afterwards came to the conclusion that these parties were not necessary or proper parties, he should have had them dismissed as defendants.

It has been held here "It is error to proceed to a final decree in a cause before all parties made defendants have been brought into court and the issues made up, or decree pro confesso entered against such defendants, or the cause dismissed as to unnecessary parties.

"Before proceeding to a final decree, the court should strike or dismiss as to all unnecessary parties made defendant, and this should be done whether such parties have been served with process or not." Bannon v. Trammell, 96 Fla. 408, 118 So. 167; Sharman v. Bayshore Inv. Co., 99 Fla. 193, 126 So. 282.

Process was never served upon the Juhlins, and they did not appear in the case. No decree pro confesso was entered

against them, nor against W. L. Hankey, as administrator of the estate of S. E. Nowry, deceased, and it does not appear that either of the three above-named parties were dismissed as parties defendant.

Under the rule stated in the cited cases, the court erred in making the order of reference and in making the final decree, and for such errors the cause must be reversed.

It is also contended that the court erred in finding that Waring was due complainant the several sums mentioned in the decree, and in decreeing the payment of same, and also in "decreeing that the mortgage deed was subject to foreclosure for any amount not actually paid by the complainant to Susan G. Patten."

In so far as we are advised by the record, said lot four has never been released from the lien of Mrs. Patten's mortgage. There is nothing in the transcript to show that complainant paid any amount whatever to the holder of said mortgage for the release of said lot therefrom, or that Waring has been discharged from his obligation to pay for it.

It would be manifestly unjust for Waring to be required to pay to complainant the amount necessary to release the said lot 4 from the mortgage unless he is discharged from his contract to pay for it.

Equity requires that the complainant be protected against loss by reason of the failure of Waring to release said lot 4 from the Patten mortgage.

The mortgage in suit was given by Waring and received by the complainant as a protection against the blanket mortgage of Mrs. Patten covering both of said lots 4 and 5, and when taken in connection with the circumstances under which it was made and delivered, may be regarded as a contract of indemnity against loss or a contract to save the mortgagee harmless; but it was provided therein that if the mortgagor did not pay the mortgage covering lots 4 and 5, Block A, Patten Heights, within two years, the complainant could proceed to collect his said mortgage. Because of such

provision, the complainant had the right to bring suit to foreclose the "second" mortgage without showing that actual damage had been sustained by him. The decree of the court, however, should have provided that so much of the proceeds of the foreclosure sale as might be necessary to release said lot 4, from the lien of the Patten mortgage be paid to the holder thereof, conditioned upon the execution and delivery of a proper release of said lot 4 from the lien of the mortgage.

If this cause should hereafter proceed to a final decree and the said lot 4, at the time of making said decree has been released from the lien of the Patten mortgage by act of the complainant, then and in that event, the court shall provide in its decree that the complainant, out of the proceeds of the sale of the property therein described, be reimbursed for such amounts as may have been necessarily expended by him in obtaining such release of said lot 4 from the lien of the Patten mortgage, and if at such time, the said Patten mortgage has been foreclosed and said lot four has been sold under a decree foreclosing the same, then and in that event, the court shall provide in its decree for the payment to the complainant from the proceeds of the sale of the property decreed to be sold, the damages sustained by him by reason of the sale of said lot 4 under the foreclosure sale of said Patten mortgage.

The decree of the lower court is reversed and the cause is remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed and the cause is remanded for further proceedings.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.