A. C. HUMPHRIES, *Appellant,* vs. F. C. HESTER, EARL HESTER and F. C. HESTER, JR., doing business under the firm name and style of HESTER & STINSON LUMBER COMPANY, *Appellees.*

139 So. 147.

En Banc.

Opinion filed January 4, 1932.

Petition for rehearing denied May 5, 1932.

1080

*Anderson & Anderson,* of Ocala, for Appellant;
*Herbert C. Collins,* of Leesburg, for Appellees.

MATHEWS, Commissioner.—In this case, there is but one assignment of error that appears to be meritorious. That assignment is based upon the fact that R. W. McBride was a party defendant to the suit; that no service binding on such defendant was had; that a decree pro confesso was entered against R. W. McBride without service having been had upon him; and that therefore the court was without jurisdiction to enter a final decree, as long as defendant R. W. McBride stood as a party defendant to the suit and the cause was not at issue as to him.

Constructive service upon the defendant R. W. McBride was necessarily sought in this cause, pursuant to Section 3111 Revised General Statutes 1920, as modified by Chapter 10102, Acts of 1925, and Chapter 11364 Acts of 1925 Extra Session, now Sections 4895 and 4896 Compiled General Laws of Florida 1927.

The Bill is not sworn to and the affidavit for constructive service fails to state the belief of the affiant as to the age of the defendant R. W. McBride being over or under twenty-one years, or that his age is unknown, as required by the statutes. Shrader vs. Shrader, 36 Fla. 502, 509; 18

So. 672; Belian vs. Wekiwa Ranch, 97 Fla. 180, 122 So. 559, 562, 563.

Statutes authorizing constructive service of process by publication should be strictly and exactly pursued in order to give the court jurisdiction to render a judgment by default against a party who does not appear or plead in the cause. Shrader vs. Shrader, supra; Reynolds vs. Harrison, 90 Fla. 834, 106 So. 909.

It is error to proceed to a final decree in a cause before all parties made defendants have been brought into court and the issues made up, or decrees pro confesso entered against such defendants, or the cause dismissed as to unnecessary parties. Bannon vs. Trammell, 96 Fla. 408, 118 So. 167; Sharman vs. Bay Shore Inv. Co., 99 Fla. 193, 126 So. 282; Waring vs. O'Doniel, 102 Fla. 354, 135 So. 850.

Before proceeding to a final decree, the court should strike or dismiss as to all unnecessary parties made defendant, and this should be done whether such parties have been served with process or not. Bannon vs. Trammell, supra; Sharman vs. Bay Shore Inv. Co., supra; Waring vs. O'Doniel, supra.

The final decree of the court below is reversed and the cause is remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the court and the foregoing opinion prepared under Chapter 14553 Acts of 1929 (Extra Sess.) adopted by the court as its opinion, it is considered, ordered and decreed by the court that the final decree of the court below be, and the same is hereby reversed, and the cause is remanded for further proceedings.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

---

ON PETITION FOR REHEARING.

PER CURIAM.—On Petition for rehearing appellant points

out that there were questions of practice raised in the appeal which were not settled in the main opinion of reversal that leave both parties to the cause uncertain as to their status in further litigation of the case.

The first of these questions was that the fifth, sixth, and seventh paragraphs of the amended bill of complaint were insufficient to show the right of complainants to a lien on the property. Taken as a whole the amended bill of complaint may not pass muster as a model pleading but we think it sufficient as against a demurrer to state a cause of action.

It is next contended that the motion for decree pro confesso was erroneously granted. It is shown that this motion was granted because the answer to the amended bill of complaint did not bear the personal signature of the defendant, Humphries.

Personal signature of a defendant to an answer in chancery is not now necessary. Chapter 14658, Acts of 1931, Laws of Florida. Prior to this act in a line of decisions beginning with Ballard vs. Kennedy, 34 Fla. 483, 16 So. 327, this Court has consistently held that the answer of the defendant must be signed and verified by him. Appellant contends that this rule is wrong because predicated on the practice of the High Court of Chancery of England, Section 3132 Revised General Statutes of 1920 (Section 4919 Compiled General Laws of 1927), said court having been abolished long before said rule was promulgated. Even if that fact were true and the High Court of Chancery of England was then abolished its rules were there and under the statute as above referred to could have been approved by this Court. Aside from that consideration this Court has always been clothed with inherent power to make rules for its governance. The matter vacating or setting aside a decree pro confesso for good cause shown is addressed at all times to the

discretion of the Chancellor. Which discretion is subject to review by this Court.

Other questions called to our attention on the petition for rehearing have been examined and while they show irregularities in procedure, harmful error is not shown to have been committed. Section 2812 Revised General Statutes of 1920 (Section 4499 Compiled General Laws of 1927).

Rehearing denied.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.