DAVID H. SMITH, *et al.,* v. LOFTIS PLUMBING & HEATING CO.

150 So. 645.

Division A.

Opinion Filed October 17, 1933.

*Wideman, Wideman & Wardlaw,* for Appellants;

*Blackwell, Donnell & Moore,* for Appellee.

DAVIS, C. J.—This is an appeal in equity. The amended bill of complaint alleged that one David H. Smith consummated negotiations for the conveyance of certain described land to a corporation of which he became president—Lido Venice Corporation, and that while the purchase of the land was being arranged for, that one E. F. Minden, acting as agent for Lido-Venice Corporation, as well as agent for said Smith, its president, arranged with complainant for the purchase and installation of a sprinkler system in a building to be constructed on said land, said building being known as the Lido-Venice Hotel; that thereafter, pursuant to said arrangement, that said sprinkler system was duly installed in said hotel, in performance of the contract entered into through Minden on behalf of the owner; that complainant furnished all the labor and furnished all the materials in and about the installation of said sprinkler system and thereby defendant did become indebted to complainant in the sum of $11,104.00; that the contract for the installation and the act of the complainant in performing it was duly ratified and confirmed by the defendant, Lido Venice Corporation; that because of said circumstances, complainant claimed a lien on the property of the Lido-Venice Corporation, and on the hotel situate thereon, and against the defendants, David H. Smith, Anna F. Smith, and Farmer's Bank & Trust Company, for the amount due for labor and materials furnished in the installation of said sprinkler system, no part of which indebtedness had been paid.

The Chancellor entered his decree foreclosing the lien as a first and prior one against the property. The Lido-Venice

Corporation, Anna F. Smith, and Farmer's Bank & Trust Company, through Central Farmer's Trust Company, as successor trustee, have prosecuted this appeal from said decree, as well as from several interlocutory orders entered in the course of the proceeding.

The bill, as amended, was sufficient to show an indebtedness of Lido-Venice Corporation, as owner of the property, for the work done and materials furnished by complainant in the installation of the sprinkler system in its hotel, which act it ratified and confirmed, after arrangement for said system had been previously made by one Minden for it, therefore the attacks on the sufficiency of the amended bill were properly overruled.

The evidence in support of complainant's case tends to establish the allegations of the bill, in that such evidence shows a state of facts from which it can be fairly deduced that Lido-Venice Corporation, as owner of the property, became indebted for the sprinkler system in the course of its installation and that the hotel owned by it in which such sprinkler system was installed, accordingly became subject to a lien for the amount of the indebtedness.

The sprinkler system was installed partly before, and partly after, the Lido-Venice Corporation became the owner of the property, but it is clear that the contract for the sprinkler system, when it was made, and when the work was begun, was made with Minden for the promoters of Lido-Venice Corporation which was at the time of the contract, in contemplation of being formed, and which was formed and took over the property, with obvious knowledge that a sprinkler system was being installed in the hotel by complainant, for which complainant would be entitled to payment.

When Lido-Venice Corporation was subsequently organized and then acquired legal title to the property on which the sprinkler system was being installed pursuant to a contractual arrangement with Minden, one of its promoters, before the corporation was organized and the title was passed to it, it took the property fully chargeable with knowledge of the fact that Loftis was, under his contract, installing the sprinkler system in the hotel.

The rule is well settled that even where there has been no prior authorization, voluntary acceptance of the fruits of a contract generally constitutes a ratification of the contract as an entirety, with all its outstanding obligations. So if privity of contract between the lienor and Lido-Venice Corporation was essential in this case to give rise to and preserve a lien on the property, in the absence of a statutory cautionary notice to Lido-Venice Corporation as the ultimate owner, privity of contract by ratification, such as the evidence showed in this case, was as effective to supply the required privity, as previous authorization would have been. Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 136 Sou. Rep. 238; Anderson Mill & Lbr. Co. v. Clements, 101 Fla. 523, 134 Sou. Rep. 588.

The mortgage of Central Farmer's Trust Company, substituted trustee, was properly found by the Court below to have been taken with notice of complainant's lien for the cost of the sprinkling system sued for by Loftis. Nothing is clearer than that such mortgage was given under circumstances that showed that the existence of the sprinkling system was a condition precedent relied on as a part of the mortgage transaction. In addition to this, the mortgage was likewise shown to have been taken while the building and the sprinkler system therein to be installed, were in course of construction. Being a creditor with actual notice, no

cautionary notice to bind it as a creditor was necessary under the lien statute. People's Bank of Jacksonville v. Virginia Bridge Co., 94 Fla. 474, 113 Sou. Rep. 680.

As to the mortgage of Anna F. Smith, there is substantial competent evidence in the record sufficient to warrant the finding that she had actual notice and knowledge of complainant's lien, at the time her mortgage was taken, assuming that the notice of lien which was attempted to be filed and recorded was in no wise sufficient to bind those dealing with the property after that notice was recorded. Anna F. Smith was the wife of David H. Smith, one of the original promoters of the Lido-Venice Corporation, for whose benefit the sprinkler system was installed. While it was entirely possible that Mrs. Smith's rights claimed were in no respect connected with the financial relationship of her husband as a promoter of the project involved, the Chancellor below, as a realist in dealing with disputed questions of fact, the decision of which had to take Mrs. Smith's relationship to her husband into account in weighing the evidence, was entitled to construe most strictly against Mrs. Smith those circumstances which, if construed in her favor, would give her an unfair advantage over the innocent contractor, the lien for whose work she is seeking to subordinate to her own claim.

At the oral argument, it was strenuously insisted by counsel for appellants that regardless of the propositions proved by the evidence, that there is a fatal variance between the allegations of the amended bill of complaint and the proofs. Kellogg v. Kellogg, 93 Fla. 261, 111 Sou. Rep. 637; Bannon v. Trammell, 96 Fla. 408, 118 Sou. Rep. 167.

The allegations of the amended bill were in their basic substance allegations to the effect that complainant had by doing certain work acquired a lien therefor on certain prop-

erty of Lido-Venice Corporation and those who claimed under it. Whether the lien arose from an indebtedness arising out of a direct contract by the complainant with Lido-Venice Corporation, or arose out of a contract ratified and confirmed by it after it had been made by one of its promoters for its benefit before the corporation was organized, was subsidiary to the essential allegation of debt and lien. The allegation of ultimate liability for the indebtedness resulting in the lien was duly established, so there was no material variance in the proof of what was essential to support a decree of the character rendered.

The testimony in this case was taken before a special examiner who was without authority to exclude irrelevant evidence and unnecessary matters from the record on objection. The transcript brought here consisting of more than a thousand pages shows that the appellants' criticism of the record as being burdened by complainant below with many irrelevant and unnecessary matters is largely sustained. The decree must be affirmed but with directions that upon remand of the cause the Chancellor shall entertain a proper motion for taxing the cost of irrelevant and unnecessary matters inserted in the record before the examiner, against the offending parties.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.