HOLLYWOOD, INC., A FLORIDA CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5641.   Promulgated January 30, 1948.

*Douglas D. Felix, Esq.*, for the petitioner.
*Edward L. Potter, Esq.*, for the respondent.

OPPER, *Judge*: The controversy between the parties is as to whether certain properties sold by petitioner in the tax year were acquired by it under such circumstances that the basis for gain or loss to be applied is the substituted basis of petitioner's transferors or its own cost. Without attempting to restate in detail the circumstances under which the properties were obtained, the salient characteristics of the transaction were that petitioner's transferors, who were its stockholders, turned the properties in question over to it, along with many other parcels, under an agreement that it was to sell the properties and pay to them the proceeds of the sales up to a stipulated lump sum.

Respondent contends that petitioner received the properties as a contribution to its paid-in surplus, and hence is subject to the provisions of section 113 (a) (8) (B), Internal Revenue Code,[1] and, since the transferors' basis is not shown, it must be assumed as zero. The contemporaneous agreements show that the transaction was not a contribution to capital or paid-in surplus, but a transfer for an agreed consideration; and the mere adoption of bookkeeping notations not in accord with the facts and later corrected is insufficient to sustain any such position. *Doyle* v. *Mitchell Bros. Co.*, 247 U. S. 179, 187; *Savinar Co.*, 9 B. T. A. 465, 467.

Respondent also relies on section 113 (a) (8) (A),[2] which presupposes the application of 112 (b) (5), Internal Revenue Code.[3] The only other section suggested by respondent as being relevant is 112 (b) (4), Revenue Act of 1928, relating to corporate exchanges.[4] None of these sections is applicable under the facts, since the record similarly shows that the properties were not transferred "solely" for petitioner's stock or securities.

---

[1] (8) * * * If the property was acquired after December 31, 1920, by a corporation—

(B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

[2] (8) * * * If the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities) * * *.

[3] SEC. 112. RECOGNITION OF GAIN OR LOSS.

(b) * * *

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange. * * *

[4] (4) SAME—GAIN OF CORPORATION.—No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

If petitioner did not acquire the properties in question subject to its transferors' basis, its basis was its own cost. That was represented by petitioner's agreement to turn over to its transferors the proceeds of the sales. It can not be said that, because petitioner was not in existence at the time of the original agreement and hence does not appear as a contracting party, it was relieved of the obligation to pay the consideration specified in the contract. Its creation pursuant to the contract and its acceptance of the property in accordance therewith imposed upon it an obligation to perform to precisely the same extent as though it had executed the agreement in the first place. *Meyer* v. *Nator Holding Co.*, 136 So. 636; *Smith* v. *Loftis*, 150 So. 645.

The nature of the agreement of purchase might justify an argument that petitioner could never suffer a loss except as to costs actually defrayed by it, such as improvements, carrying charges, and selling expenses, since it was never obligated to pay to its transferors more than it received; and that it could enjoy a gain only to the extent that the proceeds of the sale of a particular parcel exceed its actual investment, plus that parcel's allocable portion [5] of the total consideration which it had agreed to pay. *Nathan Blum*, 5 T. C. 702, 709. On such an approach there would apparently be a gain on the transactions in question of approximately $3,800, rather than the loss of $14,000 which petitioner deducted on its return and still claims. The latter result is arrived at by assuming a cost for each parcel of a proportionate part of the contract figure, whether or not petitioner succeeded in obtaining it, and notwithstanding that the contract required the payment only of the amount actually received.

We find it unnecessary, however, to choose between these alternatives, since even on the former approach petitioner would have no net income and there would hence be no deficiency. Absent any claim of overpayment, a decision of no deficiency is required in either event, and the result of both approaches in this proceeding is accordingly the same.

Nor would respondent be advantaged were we to hold, in accordance with his suggestion, "that petitioner was created the nominee of Highway and Mercantile for the purpose of holding title, liquidating the assets, and disposing of the proceeds * * *." If petitioner were a mere agent or conduit created with this limited function, any gain or loss from the periodic dispositions of the property would be attributable not to it, but to its principal, the controlling stockholders, who are not before us. *North Jersey Title Insurance Co.* v. *Commissioner* (C. C. A., 3d Cir.), 84 Fed. (2d) 898.

Our conclusion is that respondent erred in seeking to attribute to petitioner the basis of its transferors—which, as we have said, is not

---

[5] Petitioner's formula of allocation among the numerous parcels based upon assessed valuations does not appear to be questioned by respondent.

shown and hence was assumed by respondent to be zero—and that his determination must accordingly be disapproved.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

VAN FOSSAN and HARRON, *JJ.*, concur only in the result.