ROBERT P. SMITH, Jr., Acting Chief Judge.
These are cross-appeals. The trial court’s judgment, imposing an equitable lien in lieu of the statutory mechanic’s lien claimed by appellee Bassett, must be reversed because Bassett’s pleadings neither claimed nor alleged a basis for claiming an equitable lien and potential issues on such a claim were not tried by consent. Charter Development Corp. v. Eversole, 342 So.2d 143 (Fla. 1st DCA 1977); Chandler v. Chandler, 330 So.2d 778 (Fla. 1st DCA 1976), cert. den., 339 So.2d 1167 (Fla.1976). The trial court erred, however, in concluding that Bassett is not entitled to a statutory mechanic’s lien on the findings recited in the final judgment, which were that appellee Bassett was engaged to fender the services he performed by Grindlays’ agent Plesko; that Grindlays through another agent gave Plesko apparent authority to engage Bas-sett when Grindlays contemplated acquiring the property; and that Bassett, relying on Plesko’s apparent authority and his representations concerning Grindlays’ commitment to pay, performed surveying services both before and after Grindlays acquired legal title on March 29, 1977. The facts so found on substantial competent evidence bring Bassett’s claim within the rule of Smith v. Loftis, 112 Fla. 382, 150 So. 645 (1933), entitling Bassett to a statutory mechanic’s lien. Compare Section 5355, C.G.L. (1927), with Sections 713.01(4), (12), 713.03, Florida Statutes (1977).
The judgment imposing an equitable lien on Grindlays’ property is REVERSED and the cause is REMANDED for entry of a judgment imposing a mechanic’s lien.
ERVIN and BOOTH, JJ., concur.